18424. SMITH *v.* SMITH *et al.*

WYATT, Presiding Justice. Plaintiff in error brought suit against certain named persons, seeking to cancel a deed, to recover a child's part of the land described in the above-mentioned deed, to recover a year's support out of said land, and to recover an indebtedness claimed against said land. The petition alleged in substance that plaintiff was the widow of G. G. Smith, deceased; that she was married to the deceased on February 15, 1949, and that on April 15, 1952, he deserted her without any fault on her part; that at the time they lived together as husband and wife, the deceased was seized and possessed of a certain described tract of land; that on the first day of July, 1952, defendants prevailed upon the deceased to give them a deed to the described property, and that the only consideration was love and affection; that the deceased never delivered the deed or parted with possession; that the whole procedure under which defendants secured the deed was an effort to defraud plaintiff of her right to a child's part and a year's support out of the property; that plaintiff has a claim of $485 against the said property of the deceased as money advanced to the deceased at the time he purchased the property; that plaintiff has no adequate remedy at law; and that a suit in equity will avoid a multiplicity of suits. The prayers were that the deed above referred to be delivered up and canceled; that plaintiff recover judgment against the property in the sum of $485; that the court's writ of partition be granted in order to protect the interest of petitioner; that petitioner receive a child's part out of the property herein described; and that petitioner be granted a year's support out of said property. Defendants filed general and special demurrers to the petition, and all were duly sustained. The exception here is to this judgment. *Held:*

1. It is not entirely clear from the instant petition just what the cause of action is upon which the plaintiff seeks to recover. Apparently, however, the suit is one to cancel a deed, with several additional grounds for various types of relief added thereto. Thus considered, it is clear that

the petition does not set out a cause of action for the cancellation of the deed. The allegations do not show that petitioner is the proper party to bring this suit, since it is not alleged whether or not there is an administration on the estate of the deceased, whether or not petitioner is the administrator, whether or not an administration is necessary, or whether or not petitioner is the widow and sole heir at law. See Code §§ 113-903 (1), 113-907, and Code (Ann.) § 113-901.

2. While we are not entirely certain that petitioner can include in a single petition all the various causes of action and forms of relief here sought, we are certain that the petition in the instant case does not set out a cause of action in equity for any of the relief sought.

3. It was, therefore, not error to sustain a general demurrer to the petition.

4. Since a judgment sustaining a general demurrer to the petition is here being sustained, it becomes unnecessary to consider the several grounds of special demurrer.

*Judgment affirmed. All the Justices concur.*

Submitted January 11, 1954—Decided February 9, 1954.

*John D. Edge,* for plaintiff in error.
*Stafford R. Brooke,* contra.